McCORD, Judge.
This is an appeal under § 924.07, Florida Statutes, from an order granting appellee’s motion for judgment of not guilty by reason of insanity under Rule 3.210(a)(5), F. R.Cr.P.
Appellee is charged with murder in the second degree of one Patrick T. Malcolm by unlawfully stabbing him with a knife. The state filed motion pursuant to Rule 3.-210, F.R.Cr.P., for an order causing the appellee to be examined by a qualified psychiatrist for the purpose of determining his competency to stand trial. Upon the motion and suggestion of insanity, the trial *897 court entered its order directing the psychiatric examination of appellee by Dr. Ernest C. Miller to determine appellee’s mental condition. Subsequently, appellee filed a motion for judgment of not guilty by reason of insanity.
After receiving the report of Dr. Miller and hearing his testimony, the court entered an order committing appellee to the custody of the Sheriff of Duval County to be held without bond pending further mental examination and appointed Dr. Milton B. Mann for further psychiatric examination of appellee. Upon receiving the report of Dr. Mann, counsel for both parties stipulated that it be considered by the court in lieu of his testimony. The court, after hearing arguments of counsel, entered judgment of not guilty by reason of insanity and directed that appellee be held in custody until completion of civil proceedings for his commitment to the Division of Mental Health. It is this order from which the appeal is taken.
Though it is not a part of the record before us, we have been advised by counsel for appellee in his brief and by copy of a subsequent order on petition for writ of habeas corpus included as an appendix to his brief that appellee was subsequently committed to the Department of Health and Rehabilitative Services, Division of Mental Health in Jacksonville, Florida, for examination and evaluation and was discharged by said Department “as no longer needing its services”; that appellee has now been released by said order on habeas corpus entered by another judge of the same circuit, the court finding that there were no civil proceedings for commitment or any criminal charges pending against appellee and no other cause shown why ap-pellee should not be released from custody. As stated, the subsequent proceedings are not a part of the record on this appeal. Putting a part of them in a brief does not make them a part of the record but due to the serious nature of the matter that is before us, we do feel constrained to comment that we have seen no affirmative findings by the court or the Division of Mental Health that appellee is not a danger to society.
We have read the record and briefs in this case and from the evidence presented by the two psychiatrists, it appears that ap-pellee is mentally retarded and, though 44 years of age, possesses only the mental capacity of a ten year old child. It further appears from this evidence that because of this mental retardation, appellee is incapable of assisting his attorney in his defense. Both psychiatrists were of the opinion that his condition could not be benefitted by treatment.
Said Rule 3.210 provides that if from the sanity hearing the court decides that the defendant is insane, it shall commit him to the Division of Mental Health for hospitalization under the provisions of § 394.467, Florida Statutes. It further provides that,
“The order of commitment shall request that the defendant <be examined and a written report be furnished the Court, stating (1) whether there is a substantial probability that the defendant will become mentally competent to stand trial within the foreseeable futuré and, if so, (2) whether progress toward that goal is being made.”
In view of the aforesaid opinions of the two psychiatrists that appellees condition could not be benefitted by treatment, the trial court short circuited this provision of the rule directing that he commit appellee to the Division of Mental Health under said § 394.467. He stated (on the record) that he was committing appellee, but immediately thereafter granted appellee’s motion that he be found not guilty by reason of insanity and directed the institution of civil proceedings for commitment of appel-lee. Such an order is authorized under Subsection (5) of (a) of Rule 3.210 after the previous commitment. That subsection states as follows:
“(5) If at any time after such commitment the Court decides, after hearing, *898 (1) that there is no substantial probability that the defendant will become mentally competent to stand trial within the foreseeable future or (2) that no progress is being made toward that goal, it shall enter an order accordingly and shall find and adjudge the defendant not guilty by reason of insanity and forthwith direct the institution of civil proceedings for the commitment of the defendant. The defendant shall remain in custody until determination of the civil proceedings.” (Emphasis supplied)
Although the court, prior to granting the motion, had announced on the record that he was committing appellee to the Division of Mental Health, appellee was never transferred to the Division of Mental Health under such announced commitment. It was error for the court not to go forward with the commitment and allow the defendant to be examined pursuant to Subsection (3) of § (a) of said rule by the Division of Mental Health and to receive the Division’s reports as provided in said subsection. Had such been done, the Division of Mental Health could have contributed additional input into the question of whether or not appellee was mentally competent to stand trial and whether or not there is no substantial probability that he will become mentally competent to stand trial within the foreseeable future. From the testimony of Dr. Miller, it appears that, although he does not consider appellee mentally competent to assist in his defense, he is of the opinion that appellee’s mental condition is such that he can tell the difference between right and wrong — the McNaughten test, which is the law of this state. At the hearing before the court, counsel for the state attempted to determine Dr. Miller’s opinion as to whether or not appellee was dangerous to society, asking him the following question:
“Q All right. Doctor, further, as an expert did you reach any opinions or conclusions as to whether or not this individual is in fact a dangerous individual to society?”
To which Dr. Miller gave a partial answer as follows before being cut off by an objection:
“A I think the — yes, sir, I think that the patient merits and society merits that he be — ■”
Defense counsel objected to the question on the ground that it was immaterial and the court sustained the objection. We consider that the question and answer were material .to the inquiry that was being made and the court should have had the benefit of the psychiatrist’s full answer. It seems from his partial answer that Dr. Miller did consider appellee to be dangerous. We have no further evidence in this record on the question of whether or not appellee’s release will be a danger to society. It is clear that the defendant may be a murderer — his guilt or innocence of the crime.has not been established. We do not know what consideration was given to such propensities upon appellee’s subsequent release from custody under the civil commitment as that is not before us. We do consider, however, in view of the evidence that is before us that the full range of said Rule 3.210 should have been followed and that it was error to bypass the initial transfer of appellee to the Division under Subsection (3) of the rule.
We have examined the opinion of the Supreme Court of the United States in Jackson v. Indianna, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435. Our Rules of Criminal Procedure and our statutes pertaining to commitment and treatment of insane persons were amended to comply with that opinion. It requires certain procedural due process for the commitment and retention under commitment of insane and mentally incompetent persons. It has no bearing, however, upon the present question before the court.
*899 Reversed with directions to commit ap-pellee to the Division of Mental Health for hospitalization pursuant to Rule 3.210(a)(3), F.R.Cr.P.
RAWLS, C. J., and JOHNSON, J., concur.